FILED

2012 AUG 27 PM 2:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR J.P. MORGAN MORTGAGE ACQUISITION CORP. JPMAC 2006-HE2,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD DEGUZMAN, et al.,<br><br>Defendants. | Case No. CV 12-7001 UA<br><br>(PROPOSED)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily because it was improperly removed.

On August 14, 2012, Ronald Green[1] lodged a Notice of Removal which seeks removal to this Court of what appears to be a routine post-foreclosure unlawful

---

[1] Although the State Complaint does not expressly name Green as a defendant, it does allege that the fictitiously named Doe defendants are those in possession of the subject property without plaintiff's permission or consent. (State Complaint ¶ 3). Based on the exhibits attached to the Notice of Removal, it appears that on April 10, 2012, Green filed a General Denial in the State Action in which Green implicitly asserted a claim of right to possession in the subject property. Accordingly, and as it does not alter the recommended outcome of this matter, the Court treats Green as a defendant for purposes of removal jurisdiction without definitively determining that he technically qualifies as such. See 28 U.S.C. § 1446(a) (right to remove a case from state to federal court vested exclusively in "the defendant or the defendants").

1

detainer action filed in California state court ("State Complaint" or "State Action"), and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover because the State Action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Green does not competently allege facts supplying either diversity or federal-question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); see Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563 (2005). Even if complete diversity of citizenship exists, the amount in controversy alleged in the State Complaint does not exceed the diversity-jurisdiction threshold of $75,000. See 28 U.S.C. §§ 1332, 1441(b). Nor does Plaintiff's unlawful detainer action raise any federal legal question. See 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, West Covina Courthouse, 1427 West Covina Parkway, West Covina, CA 91790, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: 8/22/2012

_____
HONORABLE AUDREY B. COLLINS
CHIEF UNITED STATES DISTRICT JUDGE

Presented by

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATE MAGISTRATE JUDGE